ELMER G. PORTER, Respondent, v. THE PENNSYLVANIA RAILROAD COMPANY, Appellant.

Fourth Department, November 9, 1928.

Alexander S. Diven [George R. Allen of counsel], for the appellant.

George F. Bodine, for the respondent.

PER CURIAM. Many of the questions here involved were discussed fully in the opinion of this court on the first appeal. (See *Porter* v. *Pennsylvania Railroad Co.*, 217 App. Div. 49.) It is, therefore, unnecessary to deal with them again at length.

As the case now stands, there was, under the contract of shipment, no obligation on the defendant to render accessory services, which might have been secured by payment of a higher rate. There was, therefore, no liability on the part of defendant for damages resulting from the lack of such services. The cars were held by defendant as a carrier down to the expiration of a forty-eight-hour period after giving notice of arrival. The expiration of that period was November fourth as to one car and November sixth as to three cars. During that period there was no absolute liability for damage to the grapes, since that damage resulted from their inherent nature and condition. Nor is there any evidence which would warrant a finding of negligence during that period. Whether thereafter there was negligence and if so, at what point of time it began, were questions of fact. Such negligence might conceivably have been a failure to notify the consignor, or to sell — even under the Pennsylvania statute ■ — for the benefit of whom it might concern. Intermingled with the evidence on that question is evidence which, as pointed out in our former opinion, might warrant a finding of contributory negligence on the part of plaintiff.

So far as the question of title bears on the question of negligence, it was also one of fact for the jury. Nor have we overlooked the distinction between condition 5 and condition 7 of the sales orders. The learned court below misapprehended the effect of our former opinion, which clearly left the question open, and erroneously charged as matter of law that title was in the plaintiff.

The measure of damage, which was also clearly stated in the former opinion, seems also to have been misapprehended. We there said: " The measure of damage must be applied at the time the defendant's failure of duty began, taking into consideration the fault of Morinelli. Then the actual loss due to defendant's neglect including freight, necessary expenditures and interest make the correct measure." This contemplated the loss as consisting of the difference in value between the time when defendant should have acted and the time of sale. The instructions as given erroneously made defendant responsible for the difference in value between the time of arrival and the time of sale.

The judgment and order should be reversed on the law and a new trial granted, with costs to appellant to abide the event.

All concur. Present — HUBBS, P. J., CLARK, SEARS, CROUCH and TAYLOR, JJ.

Judgment and order reversed on the law and a new trial granted, with costs to appellant to abide the event.